UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLYE JACKSON                                    CIVIL ACTION

VERSUS                                            NO: 09-4569

SCOTT VOGT AND VOGT                               SECTION: R(4)
ENTERPRISES

**ORDER AND REASONS**

Before the Court is plaintiff Willye Jackson's motion for default judgment. (*See* R. Doc. 10.) For the following reasons, plaintiff's motion is GRANTED.

**I.   BACKGROUND**

According to the complaint in this action, plaintiff Willye Jackson entered into a construction contract with Vogt Enterprises, which is owned and operated by defendant Scott Vogt. The contract was for the reconstruction of Jackson's home at 2634 Milan, New Orleans. Jackson's home was destroyed during Hurricane Katrina.

Jackson agreed to pay defendants $264,831.30 in consideration for the reconstruction work. (*See* R. Doc. 1-3.) Jackson periodically paid defendants a total of $95,132.43 for materials and labor before terminating the contract on September 15, 2008. (*Id.*) Jackson alleges that the contract was terminated because Vogt Enterprises was not a licensed contractor in Louisiana, failed to obtain requisite construction permits, performed defective work and failed to protect the project cite. Jackson has submitted an affidavit declaring that "Vogt built a foundation and sub-floor on my property which was later ruined by rain, and work on the property by Vogt did not progress past that point." (R. Doc. 10-3 ¶ 4.)

Jackson filed this diversity action on July 29, 2009 seeking $95,132.43 plus costs and attorneys' fees. (*See* R. Doc. 1.) A summons and complaint was served on each defendant on August 9, 2009, and proofs of service were filed on September 11, 2009. (*See* R. Doc. 4.) Defendants did not file an answer. Jackson moved for entry of default on September 25, 2009. (*See* R. Doc. 6.) Default was entered on September 29, 2009. (*Id.*) Jackson now moves for entry of default judgment. (*See* R. Doc. 10.)

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or

otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two separate steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ . P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's

claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

**III. DISCUSSION**

**A.   Jurisdiction**

Before entering judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Judgment entered in the absence of jurisdiction is void, and the court must therefore refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon diversity of citizenship. *See* 28 U.S.C. § 1332. Scott Vogt is

an alleged resident and domiciliary of Hammond, Louisiana; Vogt Enterprises has its alleged principal place of business in Hammond, Louisiana; Jackson is a resident and domiciliary of Los Angeles, California; and the amount in controversy exceeds $75,000. (R. Doc. 1 ¶¶ I-II.) Service of process appears to have been properly executed under the Federal Rules of Civil Procedure. The Court therefore finds that it has jurisdiction "both over the subject matter and the parties." *System Pipe & Supply, Inc.*, 242 F.3d at 324.

**B.    Entry of Default Judgment**

The Court turns to whether a default judgment should be entered against defendants. The record shows that defendants were served with process on August 9, 2009 but have failed to plead or otherwise defend against Jackson's claims. Indeed, defendants have made no appearance at all despite having been mailed copies of the Clerk of Court's September 29, 2009 order granting Jackson's motion for the entry of default. (*See* R. Doc. 8.) Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that defendants' failure to appear has made it impossible to achieve the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The

5

record does not reveal any excuse for defendants' failure to appear. Accordingly, the Court will enter a default judgment against defendants.

**C.     Damages**

Jackson has alleged damages in the amount of $95,132.43 plus costs and attorneys' fees. This amount represents the sum of payments made by Jackson to defendants under their construction contract.

It is the Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted). In Louisiana, "[w]hen the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved. In either case, the obligee may recover damages." La. Civ. Code art. 2013. "Upon dissolution of a contract, the parties shall be

restored to the situation that existed before the contract was made. . . If partial performance has been rendered and that performance is of value to the party seeking to dissolve the contract, the dissolution does not preclude recovery for that performance, whether in contract or quasi-contract." La. Civ. Code art. 2018; *see also* La. Civ. Code art. 2018, Revision Comments (e) ("[I]f dissolution takes place after the obligor has rendered a part of the performance which is of no value to the obligee, the obligor is entitled to no recovery").

Deeming Jackson's factual allegations as admitted, *see Nishimatsu*, 515 F.2d at 1206, the Court finds that defendants breached their contract with Jackson, and that Jackson was entitled to dissolve the contract and be restored to the situation that existed before the contract was made. The Court further finds that the foundation and sub-floor completed on Jackson's property are of no value to her, and that defendants are not entitled to offset the value of the labor and materials they provided.

Having considered the affidavit of Willye Jackson, dated October 20, 2009 (R. Doc. 10-3), and the affidavit of Courtney T. Wolffe, dated October 21, 2009 (R. Doc. 10-4), the Court determines that judgment should be entered in the following amounts, which would restore Jackson to the situation that

7

existed before her contract with defendants:

1. $95,132.43 for payments made;[1]

2. $580.41 for court costs.

The Court declines to award attorneys' fees. *See* La. Civ. Code art. 2000 (obligee entitled to attorneys' fees only when parties have expressly agreed to attorneys' fees in a fixed or determinable amount); Frank L. Maraist, 1A La. Civ. L. Treatise § 10.2 (2009) ("Louisiana follows the 'American Rule' that attorney's fees are not recoverable as an element of damages in litigation. Thus in the absence of statute or contract, a successful litigant generally may not recover attorney fees.").

**IV. CONCLUSION**

For the reasons stated, Jackson's motion for default judgment is GRANTED in the amount of $95,132.43 plus $580.41 in costs.

---

[1] The Court observes that the amount of the four checks attached to Jackson's motion total $95,270.43. (*See* R. Doc. 10-4.) The discrepancy of $138 is not explained, and the Court awards the amount requested in Jackson's complaint and declared in her affidavit. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

New Orleans, Louisiana, this **5th** day of November 2009

_____
         SARAH S. VANCE
   UNITED STATES DISTRICT JUDGE